### 30989. COLEMAN v. COLEMAN.

HILL, Justice.

George Paul Coleman appeals from an order of the Toombs Superior Court holding him in contempt of court for failing to make certain payments on a deed to secure debt on the house and lot awarded to his former wife in a 1973 divorce decree.

1. At the time of the jury verdict and subsequent divorce decree, the house payments were five payments in arrears. The former husband has made those payments and all payments since that time except two. He contends that the divorce decree did not require him to make the five payments in arrears and therefore those payments should be applied to the monthly payments the divorce decree ordered, making him three payments in advance rather than two payments behind.

The husband was legally obligated to the grantee to make the five past due payments as evidenced by a deed to secure debt executed by him on November 26, 1968. The husband has a legal duty to support and maintain his wife and family. Code Ann. § 53-510. The temporary alimony order required him to make the house payments and the divorce decree awarding the house and lot to the wife required him to "continue to make all payments on the debt now owing on said house and lot" until the youngest child reaches eighteen or dies or until the wife remarries.

The five payments in arrears at the time of the divorce were a part of the debt then owed on the home and lot which the husband was required by the decree to pay. The trial court was correct in finding the husband to be two house payments in arrears.

2. As stated, the divorce decree required the former husband to "continue to make all payments on the debt now owing on said house and lot..." The husband argues that this language should be construed as requiring payment of the principal and interest on the loan ($73.34 per month), but not the escrow amount for taxes and insurance ($18.86 per month).

By an earlier order dated August 20, 1974, the court below ruled on this very question pursuant to a complaint brought by the former husband seeking an interpretation of the divorce decree. In the 1974 order the court construed the deed to secure debt to include the escrow and ordered the former husband to "continue to pay all payments including the payment for principal and interest and the escrow amount for taxes and insurance, and [to] abide by any other covenants or agreements made by him as set out in said security deed." The husband did not appeal that order and the deed to secure debt is not in the record before this court. The court below did not err in finding the former husband to be in arrears by two payments of $92.20 each.

3. The husband argues that the order holding him in contempt of court is contrary to the law and evidence. The parties stipulated that the husband had not made the two disputed house payments. In view of the foregoing, the trial court did not err in finding the husband in contempt of court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 5, 1976 — DECIDED JUNE 30, 1976.

*M. O. Strickland,* for appellant.
*George E. Argo,* for appellee.